IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARINA LIVSHITZ, MIKHAIL LIVSHITZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  22-3355 |
| | : | |
| DESIGNER BRANDS, INC., DSW, INC. | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                                    **November 14, 2023**

Marina Livshitz sued DSW after slipping and falling in a DSW store bathroom.  DSW has moved for summary judgment, arguing that Ms. Livshitz cannot prove constructive notice of the condition that caused her to slip.  Because Ms. Livshitz fails to cite any evidence showing DSW ought to have known about the slippery condition on the bathroom floor, we grant DSW's motion.

**I.**     **Facts**[1]

On December 17, 2021, Ms. Livshitz — then 64 years old — went to a DSW[2] store in Willow Grove, Pennsylvania.[3]  At around 2:00 PM, she went to use the store's restroom.[4]  She

---

[1] The factual background comes from Ms. Livshitz's version of the statements of fact in her opposition to DSW's summary judgment motion.  *See* DI 30.  While Ms. Livshitz does not directly respond to DSW's statement of undisputed facts, *see* DI 28-1, she responded to the set of numbered paragraphs that DSW included in its motion for summary judgment.  *See* DI 27.  The paragraphs included in DSW's motion overlap in large part with its separately filed statement of undisputed facts.  *See* DI 27.

[2] Defendant Designer Brands, Inc. owns DSW.  *See* DI 28-1 at 1 n.1.  For simplicity, both defendants are captured in our reference to DSW.

[3] *See* DI 30 ¶ 3.

[4] *See id.* ¶ 5 (referencing DI 27 Ex. C, DSW's public incident report).

entered the handicapped stall of the women's room, used the toilet, "stepped to the left," slipped, and fell on the left side of her body.[5] No one witnessed the fall.[6] Video footage from the store's showroom was not preserved on the day she fell.[7]

Afterwards, Ms. Livshitz could not identify what caused her to slip.[8] She described the substance as odorless and "clear because [she] didn't notice it."[9] She did not know "how long that substance, whatever it was, was on the ground before [she] fell."[10] Her entire left side pant leg was damp after she slipped and crawled towards the bathroom door.[11]

Jennifer Coyle, a former DSW employee, noted in a subsequent incident report that she "inspected or observed" the women's restroom at 1:30 PM — about thirty minutes before Ms. Livshitz slipped.[12] Ms. Coyle testified that she "remember[ed] using" the restroom before Ms.

---

[5] *See id.* ¶¶ 3, 4 (citing DI 27 Ex. B).

[6] *Id.* ¶ 15.

[7] *See id.* ¶¶ 12-13.

[8] *See id.* ¶ 6 (quoting DI 27 Ex. B) ("Q: Do you have any belief being — well, do you have any idea at all what the wet substance was that you fell on? A: I don't know.").

[9] *Id.* (quoting DI 27 Ex. B).

[10] *Id.* (quoting DI 27 Ex. B) ("Q: Do you know how long that substance, whatever it was, was on the ground before you fell? A: No.").

[11] *See id.* ("Based upon the . . . testimony," Ms. Livshitz "confirmed that . . . [t]here was enough of the slippery substance on the bathroom floor at the time of her fall that her entire left pant leg, and the side of her sleeve, got damp as she fell to the ground and then subsequently crawled to the stall door.").

[12] *Id.* ¶ 12. Ms. Coyle also testified that took pictures and a video of the bathroom after Ms. Livshitz slipped. *See id.* ¶ 14. Ms. Livshitz disputes whether she took the pictures and video after she fell, or whether they were taken at some other time. *See id.* ¶¶ 13-14.

Livshitz left the store.[13]  DSW's store protocol requires employees like Ms. Coyle who use the restrooms for personal use to also assess the restroom's cleanliness upon entering.[14]

Additionally, DSW stores have a morning and evening checklist that requires checking store restrooms.[15]  Don Dinkin, a DSW employee, testified that — around the time Ms. Livshitz's slipped — the Willow Grove store used its "own routine" and did not always abide by the standard morning and evening protocol.[16]  Failure to complete the prescribed checklists, according to Mr. Dinkin, "could have been" a violation of DSW protocol.[17]

## II.     DSW's Motion for Summary Judgment

Ms. Livshitz originally brought her negligence claim against DSW in Pennsylvania state court.  *See* DI 1 Ex. A.[18]  DSW removed the action, and after initially setting a course for arbitration, we granted Ms. Livshitz's motion to remove the case from the arbitration track.  *See* DI 20, 21.

Now, DSW argues that, as a matter of law, Ms. Livshitz's negligence claim fails.  *See generally* DI 27-2.  DSW says that Ms. Livshitz has failed to provide any evidence that DSW

---

[13] *Id.* ¶ 12 (quoting DI 27 Ex. E).

[14] *See id.* ¶ 11.

[15] *See id.* (quoting DI 27 Ex. D).

[16] *See id.* (quoting DI 27 Ex. D).

[17] *Id.*

[18] Mikhail Livshitz, Ms. Livshitz's husband, also sued DSW for loss of consortium.  *See* DI 1 Ex. A ¶¶ 18-20.  DSW does not move for summary judgment on Mr. Livshitz's consortium claim, but given the outcome of DSW's motion, we presume that Ms. Livshitz will stipulate to dismissal or the parties can otherwise bring the case to final judgment.

had constructive notice of the substance on the bathroom floor. *Id.* at 4.[19]  DSW maintains that there is no circumstantial evidence that could "lead to an inference" that DSW "could have been aware of the presence of the substance." *Id.*

Ms. Livshitz disagrees. *See generally* DI 30-1.  Relying on Mr. Dinkin's and Ms. Coyle's deposition testimony, Ms. Livshitz argues that genuine issues of material fact exist as to whether DSW "ought to have known" about the substance that caused the slip. *See id.* at 14.[20]  She calls out the Willow Grove store's apparent failure to abide by DSW's morning and evening checklists as evidence that the handicapped stall "was not inspected for cleanliness or fall risks for a minimum of four (4) to five (5) hours prior to [her] fall." *Id.*  And she argues that Ms. Coyle's deposition testimony shows a genuine dispute as to whether she actually inspected the handicapped stall where Ms. Livshitz slipped. *Id.* at 16.

Further, Ms. Livshitz argues that DSW "either inadvertently or purposefully failed to preserve video surveillance from the date" of the fall. *Id.* at 18.  She cites to testimony from Ms. Coyle stating that she would normally save video footage in situations like Ms. Livshitz's — where an accident happens in the store. *Id.* at 17-18.  Without the footage — and absent a way to confirm whether the pictures and video Ms. Coyle took occurred after the slip — Ms. Livshitz

---

[19] Citations to DSW's memorandum in support of its motion for summary judgment use the CM/ECF pagination system.
   DSW also argues that Ms. Livshitz does not have any evidence that it had actual notice of the substance.  In response, Ms. Livshitz does not contest DSW's argument, so we will not address it.  *See* DI 30-1 at 7.

[20] Citations to Ms. Livshitz's memorandum in opposition to DSW's motion use the CM/ECF pagination system.

insists that her case must go to a jury. *See id.* at 18-22.[21]

We have subject-matter jurisdiction over the action, *see* 28 U.S.C. § 1332(a); DI 1, and held oral argument on DSW's motion. *See* DI 35. The motion is ripe for disposition. For the reasons explained below, we grant DSW's motion.

### III.     **Standard of Review**

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To succeed, the moving party must "identify evidence that demonstrates an absence of a genuine issue of material fact." *Budhan v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 251 (3d Cir. 2014). And "[i]f the moving party meets this burden, then it falls to the non-moving party to present evidence on which a jury could reasonably find for it." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The non-moving party "cannot rely on unsupported allegations" to withstand summary judgment, "but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). We must view the facts in the light most favorable to

---

[21] DSW replies that Ms. Livshitz's spoliation argument "is irrelevant to the issue of constructive notice." DI 31 at 3 (using CM/ECF pagination system).

the non-moving party.  *Moore v. City of Philadelphia*, 461 F.3d 331, 340 (3d Cir. 2000).

IV. <u>Analysis</u>

### A. Ms. Livshitz has failed to present evidence that would prevent a jury from speculating as to whether DSW knew about the substance causing her to slip.

Under Pennsylvania law,[22] a business invitee[23] suing a property owner for negligence "must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." *Est. of Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 722 (Pa. Super. Ct. 1997).  "[T]he issue of *prior* notice to the store, either actual or constructive, of an unreasonable risk of harm is more difficult to establish" than "establishing the presence of a foreign substance on the floor."  *David by Berkley v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 234 (3d Cir. 1984); *see Canton v. Kmart Corp.*, 470 F. App'x 79, 83 (3d Cir. 2012) ("It is difficult to prove slip and fall cases, involving foreign substances on grocery market floors.").

Establishing constructive notice requires circumstantial evidence.  "[T]he nature of the defect and its location on the premises" may inform whether someone has constructive notice. *Lanni v. Pa. R.R. Co.*, 88 A.2d 887, 889 (Pa. 1952).  And "[a] party may show constructive notice by 'demonstrating that the floor condition had existed for such a length of time that the storeowner, in the exercise of ordinary care, should have been aware of the condition.'" *Felix v. GMS, Zallie Holdings, Inc.*, 501 F. App'x 131, 135 (3d Cir. 2012) (quoting *Pueblo Supermarket*, 740 F.2d at 236).  In fact, "Pennsylvania courts often treat a plaintiff's failure to provide

---

[22] Neither party disputes that Pennsylvania law applies to Ms. Livshitz's negligence claim.

[23] Nor do the parties dispute that Ms. Livshitz was a business invitee at DSW.

evidence with respect to the timing of the dangerous condition as dispositive because '[a] jury is not permitted . . . to speculate or guess; conjecture, guess or suspicion do not amount to proof.'" *McDowell v. Moran Foods, LLC*, 680 F. App'x 72, 75 (3d Cir. 2017) (alteration in original) (quoting *Lanni*, 88 A.2d at 889) (affirming grant of summary judgment where "jury would have to speculate how long [a] banana" causing a slip and fall had been on the ground of a store).

      Even on Ms. Livshitz's record and affording her all reasonable inferences, this case would require a jury to speculate about how long the odorless, clear substance was on the ground in the handicapped stall. Her first argument — that the purported failure to abide by DSW's morning and evening checklists demonstrates the store ought to have known about the substance — does nothing to make the "timing" of the substance any less speculative. The fact that DSW may have failed to follow company procedure on the morning of the incident is an argument focused more on *breaching* a duty, rather than establishing that a duty existed based on constructive notice. *See, e.g.*, *Lal v. Target Corp.*, 2013 WL 1311130, at *4 (E.D. Pa. Apr. 2, 2013) (failure to patrol spill stations "might well relate to whether [a store] acted reasonably, but does not show that [the store] knew or should have known of the spill"); *Rodgers v. Supervalu, Inc.*, 2017 WL 895590, at *4 (E.D. Pa. Mar. 6, 2017) (defendant's "violation of its own policy requiring employees to monitor the store every two hours is *not* evidence that defendant *had a legal duty* to protect plaintiff from the spill" (emphasis added)); *Read v. Sam's Club*, 2005 WL 2346112, at *3 (E.D. Pa. Sept. 23, 2005) (whether defendant conducted "hourly protective sweeps" of the floor was "immaterial to a finding of constructive notice" because, "although these factual disputes are material in showing a breach of duty, they become relevant only after plaintiff makes an evidentiary showing of the existence of a duty").

Ms. Livshitz's second argument is equally unpersuasive. Even assuming that Ms. Coyle did not inspect the handicapped stall prior to Ms. Livshitz slipping, a jury would still have to guess how long the substance was on the floor. In other words, "[t]here is simply no way for [us] or a jury to know whether the dangerous condition appeared five minutes before [Ms. Livshitz's] fall or an hour before her fall, yet went unnoticed by" Ms. Coyle. *Slater v. Genuardi's Family Mkts.*, 2014 WL 4763336, at *3 (E.D. Pa. Sept. 24, 2014).

Therefore, Ms. Livshitz has failed to present evidence demonstrating that DSW had constructive notice of the clear, odorless substance on the bathroom floor. Her negligence claim fails as a matter of law.

### B. Ms. Livshitz fails to demonstrate how the video footage she claims was spoliated is relevant to her negligence claim.

"Spoliation occurs where: the evidence was in [a] party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). "The party seeking a spoliation sanction bears the burden of proving these factors." *Harrell v. Pathmark*, 2015 WL 803076, at *3 (E.D. Pa. Feb. 26, 2015). And "[w]hen the contents of a document [or video] are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him." *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995).

Here, Ms. Livshitz does not establish how the purportedly spoliated video footage is at all relevant to her negligence claim. First and foremost, Ms. Livshitz admits that the video footage

8

from the DSW store would not have shown her fall anyway. *See* DI 30 ¶ 12 ("there were no video cameras installed within the store's women's bathroom where [she] fell"); *see also Harrell*, 2015 WL 803076, at *3 ("[T]here is no evidence that the video footage would have been relevant" because "there is simply no evidence that any video footage captured [plaintiff's] fall at all.").

Second, Ms. Livshitz's argument that the video could show when she or Ms. Coyle entered and exited the bathroom does nothing to help establish constructive notice. A jury would still need to speculate about the length of time the slippery substance appeared on the bathroom floor. Their entry and exit times do not overcome this dispositive issue.

Therefore, Ms. Livshitz's spoliation argument fails.

V. **Conclusion**

Ms. Livshitz has failed to overcome DSW's summary judgment motion by putting forth some evidence regarding DSW's constructive notice of the condition in the handicapped stall. We grant DSW's motion.